# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENNIS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:10-cv-00068-JPG-PMF |
| | ) | |
| MICHAEL J. SCHNICKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a motion for summary judgment filed by defendants Schnicker, Scott, and Williams (Doc. No 37). The motion is opposed (Doc. Nos. 43, 44). A reply is on file (Doc. No. 45).

Plaintiff Dennis Jackson is proceeding on two § 1983 claims. Both challenge – on Eighth Amendment grounds – conditions experienced at Menard Correctional Center in January, 2008. In Count 1, Jackson claims that defendant Williams, assisted by defendants Schnicker and Scott, used excessive force when they brought to an end an "exchange" between Jackson another inmate in the dining room. In Count 2, Jackson alleges that after the incident described in Count 1, he endured unnecessary pain when access to appropriate medical care for his broken finger was intentionally delayed for more than three weeks. Four arguments are advanced in support of defendants' motion: both claims are barred by the applicable 2-year limitations period, Jackson failed to exhaust available administrative remedies, Count 2 fails to state a claim for deliberate indifference to medical care, and that liability for damages is barred by the doctrine of qualified immunity. Before addressing the arguments, one preliminary matter requires attention. The defendants submitted three

incident reports with their reply (Doc. No. 45-1). Because the Local Rules do not permit a sur-reply, Jackson had no opportunity to respond to the information in these exhibits. Accordingly, the incident reports submitted with the reply brief have not been considered. SDIL-LR 7.1(c).

## I. Summary Judgment Standard

Summary judgment is appropriate when the full record shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Thomas v. H & R Block Eastern Enters*, 630 F.3d 659, 663 (7th Cir.2011); *see also* Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. In deciding whether summary judgment should be granted, the Court construes all facts and draws all reasonable inferences in favor of the nonmoving party. *Thomas,* 630 F.3d at 663; *see also Mobley v. Allstate Ins. Co.,* 531 F.3d 539, 545 (7th Cir.2008). However, the party opposing the motion may not rely on "mere allegation or denials of [the] pleading," *Anderson,* 477 U.S. at 256, but instead must present genuine, admissible evidence that shows a factual dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

## II. Statute of Limitations

The parties agree that both of Jackson's claims are governed by a 2-year limitation period borrowed from state law. As Jackson points out in his brief (Doc. No. 43, p. 3), state tolling

provisions apply as well, which means that in this case, the limitations period was tolled while Jackson pursued an administrative remedy. *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001). The Court agrees with Jackson that the period during which he was waiting for prison officials to resolve his grievance operates to toll the limitation period. That period continued to run beyond January 28, 2010, the date the Complaint was filed.[1] Hence, the statute of limitations defense lacks merit.

### III. Failure to Exhaust Administrative Remedies

The parties agree that Jackson had a statutory obligation to exhaust available administrative remedies. 42 U.S.C. § 1997(e)(a). Plaintiff argues that he effectively exhausted the grievance process because he is not required to take futile steps. Because this is an affirmative defense, the burden of proof rests with the defendants.[2]

In his Amended Complaint, plaintiff alleges that he submitted two grievances. He did not receive a response to his initial grievance, which was submitted it to his counselor. Jackson submitted a timely written grievance to his correctional counselor on February 8, 2008. When Jackson inquired about the status of that grievance, his counselor confirmed receipt and explained that the grievance had been forwarded to the prison's internal affairs office for investigation and further handling (Doc. No. 35, para. 18). The applicable provisions of the Illinois Administrative code do not mention that interim step. 20 Illinois Admin. Code § 504, Part 540, Subpart F. Jackson did not receive a response to his first grievance. After waiting for a reasonable time for a response, he attempted to proceed with a second grievance, which was rejected as untimely. That decision

---

[1] Because the defendants are the moving parties, the Court construes the materials describing Jackson's efforts to obtain an administrative remedy in his favor.

[2] A hearing was not held as suggested in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) because there are no factual disputes to be resolved.

was made on August 26, 2008 (Doc. No. 44-4).

Defendants rely on the affidavit of Jackie Miller (Doc. No. 38-1), which explains the steps which must be taken after a correctional counselor responds to a timely grievance. Ms. Miller's comments shed no light on Jackson's options: what to do when a correctional counselor provides no response and creates a new step (investigation and handling by the internal affairs office) not contemplated by procedural rules. Only one inference may reasonably be drawn from the materials on file: that the administrative remedies described by Miller were not available to Jackson because a correctional counselor diverted his timely-filed grievance at the outset of the process. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)(recognizing that additional steps not mandated by regulation or rule impede the use of the system); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In sum, the defendants have not met their burden of proof on their affirmative defense by pointing to facts showing that they are entitled to a decision in their favor.

### IV. Qualified Immunity

The doctrine of qualified immunity protects government officials from liability for civil damages when their conduct does not clearly violate established statutory or constitutional rights of which a reasonable person would have known. *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010) *citing Pearson v. Callahan*, 555 U.S. 223, (2009). On a qualified immunity claim, the Court confronts two questions: (1) whether the allegations make out a deprivation of a constitutional right; and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. *McAllister*, 615 F.3d at 881.

The immunity defense is raised as to Count 1, without any discussion of relevant facts or the factors to be considered in deciding whether the defendants used force in a manner that would

qualify as cruel and unusual punishment. Plaintiff's response reasonably suggests that his evidence will support a finding that force was used maliciously and sadistically for the purpose of causing harm (Doc. No. 43). Accordingly, the qualified immunity defense lacks merit as to Count 1.

As to Count 2, the defense is more fully developed as to the subjective element of Jackson's Eighth Amendment claim. In Count 2, Jackson alleges that after he was injured (from force inflicted by the defendants on January 6, 2008), the defendants escorted him to the health care unit, where his painful finger ailment was evaluated by a medical technician. The technician ignored obvious signs of injury and informed Jackson that no treatment was needed. The following day, an x-ray revealed that a bone in Jackson's finger was broken and that surgical repair was required. That treatment was not provided until January 30, 2008.

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty upon states to provide adequate medical care to inmates. Failure to provide medical care violates the Eighth Amendment when there is "deliberate indifference" to a substantial risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). This standard requires Jackson to establish that: (1) his medical condition was objectively serious, and (2) the defendants were subjectively aware of the medical need and disregarded an excessive risk to Jackson's health. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). When considering whether an inmate's medical care demonstrates deliberate indifference to his serious medical needs, the Court looks at the inmate's medical care as a whole. *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir.1997).

The qualified immunity defense has merit if the facts do not support the subjective element of Jackson's claim: that defendants Schnicker, Scott and Williams knew about and disregarded an

excessive risk to his health. These significant facts are drawn directly from the Amended Complaint and other materials on file:

(1). A bone in plaintiff's left ring finger was fractured (displaced and rotated) when the defendants used force on January 6, 2011.

(2). Shortly after they learned of the injury, the defendants escorted Jackson to the prison's health care unit.

(3). At the health care unit, Jackson's medical condition was evaluated by a medical technician.

(4). The medical technician failed to diagnose a finger fracture and wrongly determined that care was unnecessary.

(5). The defendants took no additional steps to ensure that Jackson received appropriate medical treatment in a timely manner

(6). Radiographs performed the following day confirmed the fracture and someone determined that a surgical repair was necessary.

(7). Surgery to repair the fracture was performed on January 30, 2011.[3]

These facts do not reasonably permit an inference of deliberate indifference by Schnicker, Scott, or Williams because they responded to the known risk of serious harm by taking a very reasonable step: escorting Jackson to the prison's health care unit. When a defendant takes a reasonable step to avert the anticipated harm, he or she is not liable under the Eighth Amendment, even when the effort does not actually avert injury. The act of escorting a physically injured inmate to the prison's health care unit, where his medical condition is then assessed by a medical professional, is a reasonable response to the perceived risk of harm that might result from a painful finger injury. *See*

---

[3] Other facts referenced in the defendants' brief (such as their belief that Jackson was receiving proper and adequate medical care) are not mentioned here because they are not supported by the allegations or by affidavits or exhibits on file. Fed. R. Civ. P. 56(e).

*Farmer v. Brennan*, 511 U.S. 825, 844 (1994)(prison officials are free of liability if they respond reasonably to a substantial risk even when harm is not ultimately averted); *Lewis v. Richards*, 107 F.3d 549, (7th Cir. 1997)(transfer to another area of the prison was a reasonable response to the risk of a violent attack by hostile inmates). Even if Jackson can show that these defendants had authority to take him to a location outside of the prison, or that they could have arranged additional evaluation and care at a hospital or medical office, their failure to take that additional step might amount to negligence but would not qualify as deliberate indifference. A negligent failure to select the best course of action in addressing a finger injury does not violate the Eighth Amendment. For these reasons, the defendants' qualified immunity defense has merit as to Count 2. In light of this finding, the Court does not reach the final argument supporting the motion for summary judgment.

### V. Conclusion

IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. No. 37) be GRANTED in part and DENIED in part. Defendants Schnicker, Scott, and Williams are entitled to judgment in their favor on Count 2.

SUBMITTED: __September 12, 2011__.

    __S/Philip M. Frazier__
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**