# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:10-cv-00068-JPG-PMF |
| | ) |
| MICHAEL SCHNICKER, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a second motion for summary judgment filed by defendants Schnicker, Scott, and Williams (Doc. No 56). The motion is opposed (Doc. Nos. 57-58).

Plaintiff Dennis Jackson is proceeding on Count 1, a § 1983 claim challenging the conditions of his confinement at Menard Correctional Center in January, 2008. Specifically, Jackson claims that defendant Williams, assisted by defendants Schnicker and Scott, used excessive force when they brought to an end an "exchange" between Jackson another inmate in the dining hall. Defendants' first motion for summary judgment was granted in part and denied in part. In resolving that motion, the Court addressed Count 1, finding that Jackson can present admissible evidence supporting a finding that the defendants used force maliciously and sadistically for the purpose of causing harm (Doc. Nos. 46, 47).

## I. Summary Judgment Standard

Summary judgment is appropriate when the full record shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Thomas v. H & R Block Eastern Enters*, 630 F.3d 659, 663 (7th Cir.2011); *see also* Fed. R. Civ. P. 56(a). A

genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. In deciding whether summary judgment should be granted, the Court construes all facts and draws all reasonable inferences in favor of the nonmoving party. *Thomas,* 630 F.3d at 663; *see also Mobley v. Allstate Ins. Co.,* 531 F.3d 539, 545 (7th Cir.2008). However, the party opposing the motion may not rely on "mere allegation or denials of [the] pleading," *Anderson,* 477 U.S. at 256, but instead must present genuine, admissible evidence that shows a factual dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

## II. Eighth Amendment - Excessive Force

Defendants argue that the evidence could not support a finding that they applied force in violation of Jackson's Eighth Amendment rights. They rely on portions of plaintiff's deposition testimony and 3 written statements which were not made under oath.[1]

In a prison setting, the unnecessary and wanton infliction of pain equals cruel and unusual punishment and violates the Eighth Amendment. However, when prison officials are confronted with a disruption, they must balance the need to restore order and discipline against the harm an inmate may suffer if force is used. Liability results only if force is applied maliciously or sadistically

---

[1] In their brief, the defendants also discuss facts which have not been supported by citation to materials in the record. These facts have not been considered. Fed. R. Civ. P. 56(c)(1)(A).

for the very purpose of causing harm. *Hudson v. McMillian*, 501 U.S. 1, 6-7 (1992). In deciding whether force was wanton and unnecessary, it is appropriate to consider a number of objective factors, including the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officers, whether any effort was made to temper the severity of a forceful response, and the severity of the inmate's injury. *Id*.

The facts, viewed in Jackson's favor, may be summarized as follows. Physical force was used by defendants Williams, Scott, and Schnicker on or about January 6, 2008. At that time, Jackson was in the dining hall. Although he was preparing to fight with another inmate, words rather than blows had been exchanged. Defendant Scott used force by spraying mace in Jackson's eyes and all defendants ordered Jackson to get on the ground. Jackson promptly complied with these instructions. He laid on the floor, put his hands behind his back, and offered no resistance. After Jackson had been subdued, defendant Williams applied additional force by jumping on top of Jackson. After Jackson was restrained with handcuffs, defendant Williams violently picked Jackson up and bent Jackson's finger, using enough force to fracture a bone. Defendant Schnicker grabbed Jackson by the neck and both Williams and Schnicker used force to move Jackson to another room, where they slammed Jackson's body into a sharp object. As a result of the force, Jackson suffered an open wound to his head which had to be closed with stitches. That injury left a scar. Jackson also suffered a broken finger which required surgical repair.

The defendants suggest that the sole purpose of their conduct was to break up a fight and protect the safety and security of the facility. Viewing the evidence in Jackson's favor as required by Rule 56, a finder of fact could reasonably assess many of the relevant objective factors (the need for force, the amount of force used, the threat reasonably perceived, efforts to temper the severity

of a forceful response, and the severity of injury) in Jackson's favor. In other words, Jackson can present evidence supporting a finding that the defendants used force maliciously and sadistically rather than in a good faith effort to restore discipline. Summary judgment is not appropriate in these circumstances. *See Lax v. City of South Bend*, 449 F.3d 773, 774 (7th Cir. 2006)(recognizing that plaintiff's version of the incident created a genuine issue of material fact).

### III.  Qualified Immunity

The qualified immunity defense was raised in defendants' first motion for summary judgment (Doc. No. 37). The defense was considered and rejected on the basis that Jackson could present evidence showing that force was used maliciously and sadistically for the purpose of causing harm (Doc. Nos. 46, 47). On review of the materials submitted with this second motion for summary judgment, the Court is not persuaded that the earlier decision was incorrect.

### IV.  Conclusion

IT IS RECOMMENDED that defendants' second motion for summary judgment (Doc. No. 56) be DENIED.

SUBMITTED:  March 13, 2012  .

  S/Philip M. Frazier  
**PHILIP M. FRAZIER**  
**UNITED STATES MAGISTRATE JUDGE**